IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERMAN JONES,

Plaintiff,

-vs-

CASE NO.: 6:14-cv-380-Orl-36GJK

MIDLAND CREDIT MANAGEMENT, INC.

Defendant.
_____/

## COMPLAINT

1. The Plaintiff, SHERMAN JONES, by and through the undersigned counsel, sues the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), and in support thereof respectfully alleges the following:

2. Plaintiff alleges violation of the Fair Debt Collection Act, 15 U.S.C.§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA"), Florida Statutes and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

3. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 15 U.S.C. § 1692 K(d) and 47 U.S.C. §227(c)(5).

5. Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Osceola County, Florida.

1

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), and/or alleged "debtor" pursuant to F.S. §559.55(2).

8. Defendant, MIDLAND CREDIT MANAGEMENT, INC., (hereinafter "MCM"), is a corporation and a citizen of the State of Kansas with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

9. Defendant, MCM, is a debt collector and/or creditor as defined by F.S.§559.55. Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4) and F.S. §559.72(1), as same relates to residential and/or wireless telephone services provided to an individual. Defendant was attempting to collect on an old, charged-off account of the original creditor, Household Finance, in the approximate amount of $10,000.00 (the subject "debt").

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, (727) 748-2168 and residential telephone number, (407) 489-0047, several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

12. Upon information and belief, given the rampant frequency of the calls made by Defendant, the consistent delays between the time Plaintiff answered each call and the time

connected to a representative from Defendant, and because its calls consistently came from the same numbers(s) including but not limited to 877-237-0521, some, or all, of the calls the Defendant made to the Plaintiff's telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial and/or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1)(hereinafter "autodialer calls").

13.     Each of the calls, including autodialer calls, the Defendant made to the Plaintiff's cellular and residential telephone numbers was done so without the "prior express consent" of the Plaintiff.

14.     In approximately November, 2013, Plaintiff began receiving calls, including autodialer calls, from Defendant's agents and representatives attempting to collect on a debt by calling Plaintiff up to four (4) and five (5) times a day, despite Plaintiff informing Defendant and its agents and representatives that he was unable to pay and to stop calling his residential and cellular telephone numbers, and to remove those numbers from Defendant's call list. Plaintiff verbally told Defendant he was unable to pay and to stop calling multiple times beginning in November, 2013 and December, 2013. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period, including its autodialer calls.

15.     The Defendant has a corporate policy to use an automatic telephone dialing system (including but not limited to a predictive dialer) or a pre-recorded or artificial voice, just as they did by making their autodialer calls to the Plaintiff's residential and cellular telephones in this

case, with no way for the consumer, or the Defendant, to remove the telephone numbers from Defendant's call list despite requests to do so.

16. Despite actual knowledge of its wrongdoing, the Defendant continued its campaign of telephone call abuse. Attached as **Exhibit "A"** is a snapshot of some, but not all of the calls, received by Plaintiff during the month of January, 2014, this pattern of calls has been ongoing since November, 2013 and continues as to the date of the filing of this complaint. The snapshot of calls shown on **Exhibit "A"** shows approximately sixty-four (64) calls over the twenty-one (21) day period of January 10, 2014 through January 31, 2014.

17. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, including the making of autodialer calls, despite these individuals telling the Defendant to stop calling his telephone numbers.

18. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from its call list, despite Plaintiff's requests to have the calls stop.

19. Defendant has harassed and abused the Plaintiff in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to Plaintiff, despite Plaintiff advising Defendant repeatedly to stop calling him.

20. Defendants' refusal to remove the Plaintiff's phone numbers from its calling list and dialing system, which included calls and autodialer calls up to four (4) to five (5) times a day has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to have Defendant's calls stopped.

21. Defendant's calls and refusals to stop calling were attempts to collect the alleged debt from Plaintiff by harassment.

22.     Due to Defendant's constant calls and demands for payment, Plaintiff suffered actual damages in the form of emotional distress, anxiety, fear, worry, anger, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

23.     Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, anger embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life pursuant to Federal Statute 15 U.S.C. § 1692, F.S. § 559.77, and/or 47 U.S.C. § 227 have continued and are continuing as of the filing of this complaint.

24.     All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Fair Debt Collection Practices Act "FDCPA")

25.     Plaintiff re-alleges paragraphs one (1) through twenty-four (24) above and further states:

26.     The foregoing acts and omissions of the Defendant, MIDLAND CREDIT MANAGEMENT, INC., and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiffs:

   (a) The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

   (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

   (c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the Florida Consumer Collection Protection Act "FCCPA")

27. Plaintiff re-alleges paragraphs one (1) through twenty-four (24) above and further states:

28. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

29. Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

30. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the Telephone Consumer Protection Act "TCPA")

31. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-four (24) above as if fully stated herein.

32. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A), of the TCPA.

33. Defendant violated the TCPA with respect to its autodialer calls made to Plaintiff's cellular telephone number from approximately November, 2013 to the date of Defendant's very last call to Plaintiff's cellular telephone.

34. Defendant willfully and/or knowingly violated the TCPA with respect to its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff told Defendant to stop calling and/or to remove his cellular telephone number from Defendant's call list.

35. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system (including but not limited to a predictive dialer) or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages (of $500.00 per autodialer call), treble damages (up to $1,500.00 per autodialer call) for autodialer calls made willfully or knowingly, actual damages if greater than the amount of statutory and treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff

Call Log

| Date | Time |
|---|---|
| January 10, 2014 | 8:29 a.m. |
| January 10, 2014 | 9:37 a.m. |
| January 10, 2014 | 10:49 a.m. |
| January 10, 2014 | 11:32 a.m. |
| January 11, 2014 | 8:21 a.m. |
| January 11, 2014 | 9:37 a.m. |
| January 11, 2014 | 11:13 a.m. |
| January 11, 2014 | 2:51 p.m. |
| January 12, 2014 | 8:03 a.m. |
| January 12, 2014 | 9:54 a.m. |
| January 12, 2014 | 10:13 a.m. |
| January 12, 2014 | 12:39 p.m. |
| January 13, 2014 | 8:36 a.m. |
| January 13, 2014 | 11:18 a.m. |
| January 13, 2014 | 1:42 p.m. |
| January 13, 2014 | 2:47 p.m. |
| January 14, 2014 | 8:06 a.m. |
| January 14, 2014 | 10:33 a.m. |
| January 14, 2014 | 11:41 a.m. |
| January 15, 2014 | 8:16 a.m. |
| January 15, 2014 | 8:47 a.m. |
| January 15, 2014 | 9:12 a.m. |
| January 15, 2014 | 12:20 p.m. |
| January 16, 2014 | 8:46 a.m. |
| January 16, 2014 | 9:20 a.m. |
| January 16, 2014 | 10:19 a.m. |
| January 16, 2014 | 11:56 a.m. |
| January 17, 2014 | 8:44 a.m. |
| January 17, 2014 | 3:46 p.m. |
| January 18, 2014 | 10:18 a.m. |
| January 18, 2014 | 2:33 p.m. |
| January 20, 2014 | 11:11 a.m. |
| January 20, 2014 | 12:39 p.m. |
| January 20, 2014 | 4:43 p.m. |
| January 21, 2014 | 8:13 a.m. |
| January 21, 2014 | 8:48 a.m. |
| January 21, 2014 | 2:39 p.m. |
| January 22, 2014 | 8:57 a.m. |
| January 22, 2014 | 10:57 a.m. |
| January 22, 2014 | 12:12 p.m. |
| January 23, 2014 | 8:37 a.m. |
| January 23, 2014 | 9:42 a.m. |

EXHIBIT A

| January 23, 2014 | 2:30 p.m. |
| January 23, 2014 | 4:37 p.m. |
| January 24, 2014 | 8:30 a.m. |
| January 24, 2014 | 10:37 a.m. |
| January 24, 2014 | 1:02 p.m. |
| January 24, 2014 | 3:58 p.m. |
| January 25, 2014 | 11:42 a.m. |
| January 25, 2014 | 3:16 p.m. |
| January 25, 2014 | 7:36 p.m. |
| January 26, 2014 | 11:55 a.m. |
| January 27, 2014 | 8:25 a.m. |
| January 27, 2014 | 1:48 p.m. |
| January 27, 2014 | 6:38 p.m. |
| January 28, 2014 | 11:26 a.m. |
| January 28, 2014 | 4:28 p.m. |
| January 29, 2014 | 8:12 a.m. |
| January 30, 2014 | 8:54 a.m. |
| January 30, 2014 | 12:47 p.m. |
| January 30, 2014 | 5:18 p.m. |
| January 31, 2014 | 11:12 a.m. |
| January 31, 2014 | 1:17 p.m. |
| January 31, 2014 | 6:15 p.m. |